UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM G. SCHISLER, SR.

           Plaintiff,

v.                     6:14-CV-00793
                     (GTS/TWD)

RONALD RIZIO
SHERRI RIZIO

           Defendants.

_____

APPEARANCES:

WILLIAM G. SCHISLER, SR.
Plaintiff *pro se*
105 Fourth Street
Rome, New York 13440

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

  The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* and motion for appointment of counsel to the Court for review. (Dkt. Nos. 1-3.) Plaintiff William G. Schisler, Sr. has commenced this action against Defendants Ronald Rizio and Sherri Rizio pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended. (Dkt. No. 1 at ¶ 1.) For the reasons that follow, the Court grants Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2), denies his motion for appointment of

counsel without prejudice (Dkt. No. 3), and recommends the *sua sponte* dismissal of his Complaint with prejudice. (Dkt. No. 1.)

## I. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff describes himself as a person who is hearing impaired, learning disabled, and has difficulty walking long distances. (Dkt. No. 1 at ¶ 4.) Plaintiff also has Post Traumatic Stress Disorder as a result of an accident when he was nine years old and had his head slammed against a cement wall, resulting in severe head trauma and loss of memory. *Id*.

According to Plaintiff, on or about March 30, 2012, Defendant Ronald Rizio waved a golf club in Plaintiff's face while saying "I'll fight you tooth and nail, you won't get that driveway put in," when Plaintiff moved his truck up for his fiancée to go to the store with their son. *Id*. at ¶ 6. Plaintiff claims that Ronald Rizio used his influence with city officials, including Mayor Fusco on an ongoing basis. *Id*. Plaintiff has also alleged that Ronald Rizio continually blocks the sidewalk with different vehicles when both Rizio and his wife's vehicles fit in their driveway. *Id*. As a result, Plaintiff's company is inhibited from coming to his house, and the driveway is blocked so that Plaintiff's handicapped guests cannot visit. *Id.*

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*.  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV. ANALYSIS

Plaintiff seeks money damages against Defendants[1] in the amount of $300,000.00 under the ADA for discrimination against handicapped people, retaliation, and illegal videotaping.[2] (Dkt. No. 1 at ¶¶ 5, 7.) Plaintiff's Complaint does not specify the provision(s) of the ADA allegedly violated by Defendants.

### A. Title I of the ADA

Plaintiff has not stated a claim under Title I of the ADA, 42 U.S.C. § 12112(a), which provides protection from discriminatory adverse employment actions to persons with physical or mental impairments who are qualified to perform the essential functions of their positions with or without reasonable accommodations. *See Mary Jo C. v. New York State and Local Retirement System*, 707 F.3d 144, 169 (2d Cir. 2013) ("Title I of the ADA expressly deals with th[e] subject of employment discrimination. . . .") (citation and internal quotation marks omitted). Since Plaintiff's claim has nothing to do with employment, there is no reason for further analysis of Title I of the ADA.

---

[1] The only factual reference to Defendant Sherri Rizio, assuming she is Defendant Ronald Rizio's wife, is that her vehicle fit in the Rizio driveway. (Dkt. No. 1 at ¶ 6.)

[2] Plaintiff has alleged no facts showing that Ronald Rizio was acting in retaliation for something Plaintiff had done, or that his actions had anything to do with Plaintiff's disabilities. Plaintiff's assertion of illegal videotaping by Defendants has no place in an ADA claim.

B.  **Title II of the ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity."[3]  42 U.S.C. § 12132.  In order to state a claim under Title II of the ADA, a plaintiff must allege that "(1) he or she is a qualified individual with a disability; (2) . . . defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants by reason of plaintiff's disabilities."  *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (citation and internal punctuation omitted).

Even if Plaintiff is a qualified individual with a disability (*see* 42 U.S.C. § 12131(2)), Defendants are private individuals, not public entities offering services, programs, or activities in which Plaintiff was not allowed to participate because of his disability.  *See* 42 U.S.C. § 12131(1) (defining "public entity" as "any State or local government [and] any department, agency, special purpose district , or other instrumentality of a State or States or local government . . . .").  Therefore, Plaintiff has failed to state a claim under Title II of the ADA.

---

[3]  "Services, programs, or activities," not explicitly defined in the ADA have been construed by the Second Circuit as "a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context . . . ."  *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 43 (2d Cir. 1997), *superseded on other grounds*, *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 171 n.7 (2d Cir. 2001).

## C. Title III of the ADA

Title III of the ADA applies to public accommodations and provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public place by any person who owns, leases (or leases to), or operates a place of public accommodation." "Places of public accommodation," are defined in 42 U.S.C. § 12181(7) as facilities owned by private entities affecting commerce, which are considered public accommodations for the purposes of the ADA, including:

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor; (B) a restaurant, bar, or other establishment serving food or drink; (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment; (D) an auditorium, convention center, lecture hall, or other place of public gathering; (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment; (G) a terminal, depot, or other station used for specified public transportation; (H) a museum, library, gallery, or other place of public display or collection; (I) a park, zoo, amusement park, or other place of recreation; (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education; (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

To state a claim under Title III of the ADA, a plaintiff must alleged that he is disabled as defined by the ADA and that defendant owns or operates a public accommodation and has discriminated against him or her within the meaning of the ADA. *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). Although not entirely clear, the property at issue in this case appears to be the street on which Plaintiff's residence is located and perhaps portions of Plaintiff's or Defendants' property. What is clear, however, is that no public accommodation, as defined in the ADA, is involved in Plaintiff's claim. Therefore, Plaintiff has failed to state a claim under Title III of the ADA.

  D.     **Leave to Amend**

As noted above, a *pro se* litigant's complaint should not be dismissed without allowing a chance to amend when the complaint gives any indication that a plaintiff might be able to state a valid claim. *Gomez,* 171 F.3d at 795. However, no such opportunity is required when the problems with a plaintiff's complaint cannot be cured by a better pleading. *Cuoco*, 222 F.3d at 112.

The allegations in the Plaintiff's Complaint suggest a dispute between neighbors involving vehicle parking, and disability alone does not turn a dispute with neighbors into a claim under the ADA. There are no allegations in the Complaint that give any indication that were Plaintiff granted leave to amend he might be able to state a valid claim under the ADA. Therefore, the Court recommends that the Complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Motion for Appointment of Counsel

Plaintiff has moved for appointment of counsel. (Dkt. No. 3.) Even if the Court were not recommending dismissal of Plaintiff's Complaint with prejudice, a more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, the motion is denied. The denial is without prejudice so that Plaintiff will not be precluded from making a subsequent motion for appointment of counsel in the event the District Court allows the action to proceed or grants Plaintiff leave to file an amended complaint.

**ACCORDINGLY**, it is hereby,

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**; and it is

**ORDERED**, that Plaintiff's motion for appointment of counsel (Dkt. No. 3) be **DENIED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 21, 2014
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge